**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

|  |  |  |
|---|---|---|
| BENJAMIN STEFFEN, on behalf of Plaintiff and the class members described below, | ) ) ) ) ) ) | |
| Plaintiff, | ) ) ) | Case No.: 1:24−cv−00185 Honorable Matthew F. Kennelly |
| v. | ) ) ) ) | |
| CRANE LENDING, LLC, d/b/a CRANE FINANCE; CRYSTAL CHAPMAN-CHEVALIER; WOLF RIVER DEVELOPMENT COMPANY; and JOHN DOES 1-20, | ) ) ) ) ) ) ) ) | |
| Defendants. | ) | |

**PLAINTIFF'S INITIAL STATUS REPORT**

Pursuant to this Court's Order of February 23, 2024 (Dkt. 8), Plaintiff Benjamin Steffen, on behalf of Plaintiff and the class members described below ("Plaintiff") respectfully submit the following initial status report.

**I.      Status of Service of Process**

Defendants Crane Lending, LLC, d/b/a Crane Finance, Crystal Chapman-Chevalier, and Wolf River Development Company have been served. *See* Dkts. 9-11.  Their answers are due on March 15th, 2024. Defendants' counsel has indicated they plan to request an extension until April 26, 2024, and Plaintiff does not object to that request. Plaintiffs have not identified John Does 1-20.

**II.      Description of Claims and Defenses**

1

Plaintiff filed this lawsuit to secure redress from Defendants for making predatory and usurious loans via the website www.cranefinance.com. In an attempt to evade state usury and consumer protection laws, Defendants created what is commonly referred to as a "rent-a-tribe" lending scheme. As part of the scheme, non-tribal payday lenders claim that their non-tribal high-interest lending businesses are owned and operated by Native American tribes.

The illegal loans are made in the name of an entity—here, "Crane Lending, LLC"—that purports to be shielded from state and federal laws prohibiting usury due to its claim of tribal sovereign immunity. However, the "tribal" lending entity is simply a facade for the illegal lending scheme; all substantive aspects of the payday lending operation—funding, marketing, loan origination, underwriting, loan servicing, electronic funds transfers, and collections—are performed by individuals and entities unaffiliated with the tribe.

Defendants' loans are made at interest rates exceeding 690%. However, the Illinois Predatory Loan Prevention Act declares that contracts for interest in excess of 36% are void. 815 ILCS 123/15-1-5. In addition, loans made by an unlicensed lender, such as "Crane Lending, LLC," to an Illinois resident at more than 9% violate the Interest Act, 815 ILCS 205/4, and are subject to statutory damages under 815 ILCS 205/6. Still further, a contract by an unlicensed lender to make a consumer loan at more than 20% is a felony. 720 ILCS 5/17-59 (formerly 720 ILCS 5/39-1 *et seq*). None of the defendants are licensed to make loans in excess of 9%, and all "Crane Finance" loans are made at interest rates exceeding 36%.

Plaintiff, for himself and on behalf of putative classes, seeks a declaratory judgment that loans made in the name of Crane Lending, LLC are void and an injunction against their collection (Count I), damages pursuant to the Illinois Interest Act, 815 ILCS 205/6 (Count II), damages, injunctive, and declaratory relief pursuant to the Illinois Predatory Loan Prevention

2

Act, 815 ILCS 123/15-1-1 *et seq.* and the Illinois Consumer Fraud Act, 815 ILCS 505/1 *et seq.* (Count III - the Predatory Loan Prevention Act provides that violations are a violation of the Illinois Consumer Fraud Act), and treble damages under the Racketeer Influenced and Corrupt Organizations Act (RICO), 18 U.S.C. § 1964 (Count IV).

## III.    Settlement

Defendants made an individual demand, which Plaintiff will respond to shortly.

## IV.    Proposed Discovery and Pretrial Schedule

The parties will require written discovery, including that of electronically stored information, depositions, and third-party discovery. Plaintiff proposes waiting until Defendants have appeared to set a schedule.  If this Court does not agree with proceeding in that fashion, Plaintiff proposes the following discovery and pretrial schedule:

| Event | Deadline |
|---|---|
| Fed. R. Civ. P. 26 Initial Disclosures | Wednesday, May 24th, 2024 |
| Deadline to File Motion for Class Certification | Thursday, January 15th, 2025 |
| Completion of Fact Discovery | Friday, March 14th, 2025 |
| Dispositive Motion Deadline | Tuesday, May 13th, 2025 |

Dated: February 29, 2024

Respectfully submitted,

*/s/ Tara L. Goodwin*
Daniel A. Edelman (ARDC 0712094)
Tara L. Goodwin (ARDC 6207473)
EDELMAN, COMBS, LATTURNER
      & GOODWIN, LLC
20 South Clark Street, Suite 1500
Chicago, IL 60603-1824
(312) 739-4200
(312) 419-0379 (FAX)
dedelman@edcombs.com
tgoodwin@edcombs.com
Email address for service:
courtecl@edcombs.com

*Counsel for Plaintiff*

4

**CERTIFICATE OF SERVICE**

I, Tara L. Goodwin, hereby certify that on Thursday, February 29th, 2024, I caused a true

and accurate copy of the foregoing document to be filed via the court's CM/ECF online system,

which sent notice via email to all counsel of record.


/s/Tara L. Goodwin
Tara L. Goodwin


Daniel A. Edelman
Tara L. Goodwin
EDELMAN, COMBS, LATTURNER
     & GOODWIN, LLC
20 South Clark Street, Suite 1500
Chicago, IL 60603-1824
(312) 739-4200
(312) 419-0379 (FAX)
dedelman@edcombs.com
tgoodwin@edcombs.com
mgoldstein@edcombs.com
Email address for service: courtecl@edcombs.com